UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AHMAD HOSSEINIPOUR, | ) | CASE NO. 4:08 CV 2947 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| REBECCA BAILEY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Ahmad Hosseinipour filed the above-captioned in forma pauperis action on December 18, 2008 against Rebecca Bailey asserting "education/employment discrimination."

*Background*

Dr. Hosseinipour states he has been a United States citizen since 1990. He claims defendant Rebecca Bailey has hired many foreign nationals in "the Department of Internal Medicine" over the years.[1] For the past two years, plaintiff "worked for the Department," but Dr.

---

[1] Although a letter attachment to the complaint indicates Rebecca Bailey worked at Forum Health, Dr. Hosseinipour's complaint does not identify in what Department of Internal Medicine she worked.

Bailey "won't hire [him] despite many attempts for 2 years."[2] Complaint (Doc. 1) at 1. He states he would like to continue his education and that Dr. Bailey's actions reflect discrimination against United States citizens.

Beyond the allegations set forth in the Complaint, there are three letters Dr. Hosseinipour attaches. The first, dated May 8, 2003, is from Professor Michael M. Lederman, M.D. in the Department of Infectious Diseases at the University Hospitals Health System. In a letter addressed "To Whom It May Concern," Dr. Lederman states "Dr. Ahmad Hosseinipoor [sic] is a patient of mine in the John T. Carey Special Immunology Unit at Case Western Reserve University. . . . His HIV infection has been under excellent control. . . . From the medical perspective of this HIV disease, he is fully able to work and to resume his training as a physician." Doc. 1-2 at 3.

The second letter, dated April 16, 2008, is from the defendant, who is the Residency Program Director in the Department of Internal Medicine at Forum Health. The letter is a generically addressed response to Dr. Hosseinipour's request for confirmation of his dates of training. Dr. Bailey provides several dates which indicate Dr. Hosseinipour joined the residency training program in Internal Medicine at Western Reserve Care System (aka Northside Medical Center) as a second year resident on July 1, 1993. She explains he received credit for the first year (PGY 1), a satisfactory completion for his PGY 2 year, but no credit for the portion of the PGY 3 year between July 1, 1994 and May 2, 1995. See Doc. 1-2 at 1.

The third letter, dated December 2, 2008, is from Kathleen A. Senger, MD, who is the Program Director for the Internal Medicine Residency Program at Canton Medical Education

---

[2]There is no explanation of what position or in what "Department" Dr. Hosseinipour worked.

2

Foundation. In this letter addressed directly to Dr. Hosseinipour, Dr. Senger expresses regret that the Foundation is "unable to consider offering [him] a position in [its] residency at this time." Doc. 1-2 at 2.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action will be dismissed pursuant to § 1915(e).

*Employment Discrimination*

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege a prima facie case of discrimination. Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002) (employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [Corp. v. Green, 411 U.S. 792 (1973)] framework). This holding did not, however, eliminate the basic tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds

---

[3] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-609 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

>           for the court's jurisdiction . . .; (2) a short and
>           plain statement of the claim showing that the
>           pleader is entitled to relief; and (3) a demand
>           for the relief sought, which may include relief
>           in the alternative or different types of relief.

Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, Dr. Hosseinipour's pleading does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007)("even though a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" (internal citation and quotation marks omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

It is well-settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). While Dr. Hosseinipour does not invoke the protection of Title VII, the Court's liberal construction of his complaint allows that this may be a basis upon which he is attempting to allege national origin discrimination. If so, he has failed to state a claim.

Bare assertions of legal conclusions are not sufficient. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996); Sogevalor SA v. Penn Cent. Corp., 771 F. Supp. 890, 893 (S.D. Ohio 1991). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett v. City of Hampton,

4

775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "requir[e] th[e] courts to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id.

Furthermore, legal conclusions alone are not sufficient to present a valid claim, and the Court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (a pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). Even liberally construed, the complaint in the case at bar does not contain allegations reasonably suggesting the plaintiff might have a valid federal claim.

Based on the foregoing, Dr. Hosseinipour's request to proceed in forma pauperis (Doc. 2) is GRANTED and this action will be dismissed pursuant to 28 U.S.C. § 1915(e), but without prejudice as to any state law claims. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: April 21, 2009          /s/ John R. Adams
                               JOHN R. ADAMS
                               UNITED STATES DISTRICT JUDGE

5